**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anisa Uvaldo,<br><br>  Plaintiff,<br><br>v.<br><br>Germaine Law Office PLC,<br><br>  Defendant. | No. CV-20-00680-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Anisa Uvaldo's Motion for Partial Judgment on the Pleadings (Doc. 18, Mot.), to which Defendant Germaine Law Office, PLC filed a Response (Doc. 23, Resp.) and Plaintiff filed a Reply (Doc. 24, Reply). The Court will resolve the Motion without oral argument. *See* LRCiv 7.2(f).

After Plaintiff defaulted on the payments for her vehicle and Phoenix Corvette Sales Ltd ("PCS")—the vehicle seller—repossessed and resold it, PCS notified Plaintiff of a remaining debt of $5,840.90 plus costs and interest. PCS engaged Defendant to collect the debt, and Defendant sent Plaintiff an initial collection letter on December 24, 2019. In January 2020, Defendant represented PCS in a lawsuit in Arizona state court to collect the debt, and Plaintiff defaulted in that action.

In this lawsuit, Plaintiff raises six claims alleging Defendant violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, f & g ("FDCPA"), in the manner in which it collected the debt. (Doc. 1, Compl.) Plaintiff now moves for judgment on the pleadings on certain aspects of her claims, namely: (1) the wording in Defendant's initial collection letter was misleading and overshadowed the FDCPA-required

notices the letter provided; (2) the outstanding balances Defendant listed in the initial collection letter and in the state court complaint were misleading; and (3) Defendant improperly communicated directly with Plaintiff after Plaintiff's counsel notified Defendant that Plaintiff was represented by counsel.[1]

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A plaintiff as the moving party is entitled to judgment on the pleadings if the plaintiff "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). For example, "interpretation of a contract is a matter of law," *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988), and thus is susceptible to a motion for judgment on the pleadings. "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

Here, the Court agrees for the most part with Defendant that the issues Plaintiff raises in her Motion implicate material issues of fact that cannot be resolved as a matter of law on the pleadings. Specifically, Plaintiff's second issue—the outstanding balance figures Defendant listed in the initial collection letter and state court complaint— necessarily involves resolution of questions of fact regarding, among other things, what Defendant's agreements for attorneys' fees with PCS were, the amount of attorneys' fees incurred at various points, and whether the interest rate listed in the state court complaint was a typo and when it was corrected. These are not issues the Court will resolve at the pleading stage, nor will the Court take judicial notice of certain documents in each party's favor in an attempt to resolve these issues now. Rather, these are factual issues for discovery and summary judgment.

---

[1] The parties do not dispute that the FDCPA applies here, that is, that Defendant was a debt collector and the object of the collection activity was a consumer debt under the Act.

Likewise, Plaintiff's third issue—whether Defendant violated the FDCPA by contacting Plaintiff after Plaintiff was represented by counsel—necessarily involves resolution of questions of fact regarding the extent of counsel's representation of Plaintiff and the communications between Defendant and Plaintiff's counsel. Judgment on the pleadings would also be inappropriate with regard to this issue.

At this stage of the litigation, the Court is limited to Plaintiff's first issue—examining the face of Defendant's initial collection letter to determine whether certain wording was misleading or overshadowing as a matter of law. Plaintiff takes issue with the following wording: "If the indebtedness identified in our correspondence to you constitutes a 'consumer debt,' in accordance with the Fair Debt Collection Practice[s] Act, we make the following notices/statements to you." (Doc. 1-2, Compl. Ex. A, Initial Collection Letter.) Plaintiff contends that a "least sophisticated debtor" would not be able to resolve for herself whether the debt is a consumer debt and that this conditional wording overshadows the FDCPA-required notices in the initial collection letter. (Mot. at 5–6, 9–10.) The misleading and overshadowing nature of the statement, Plaintiff argues, is a violation of the FDCPA.

Under the FDCPA, a debt collector must provide the debtor written notice that effectively conveys the amount of debt, to whom the debt is owed, the right to dispute the debt within 30 days of receipt of the written notice, and the right to obtain verification of the debt. *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) (citing § 1692g). "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). The FDCPA also "prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Tourgeman v. Collins Fin. Servs., LLC*, 775 F.3d 1109, 1119 (9th Cir. 2014) (citing § 1692e). In the Ninth Circuit, whether a notice complies with the FDCPA is examined using a "least sophisticated debtor" standard. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

Defendant's use of the statement, "if the indebtedness identified in our correspondence to you constitutes a consumer debt," does not overshadow the FDCPA-required notices in the initial collection letter. This is particularly true because the letter repeats the notices twice, the second time in bold lettering and without any conditional introduction. The least sophisticated debtor would still understand that the notices applied to her. Moreover, the Court does not find the statement misleading. To find that a car purchaser does not know she is a consumer, as Plaintiff asks the Court to do, would be to apply a standard below unsophisticated.[2] For these reasons, Plaintiff is not entitled to judgment on her claim based on this statement in the initial collection letter.

Plaintiff also takes issue with the following wording in the initial collection letter: "Please give this matter your immediate attention by contacting our office upon your receipt of this notice." (Doc. 1-2, Compl. Ex. A, Initial Collection Letter.) Plaintiff argues that this statement demands payment before the 30-day has passed. (Mot. at 7.) Under the FDCPA, an initial communication may violate § 1692g if it demands payment before the 30-day waiting and verification period has expired. *Mashiri*, 845 F.3d at 991. But Defendant's initial collection letter did not demand immediate payment. Instead, it stated, "give this matter your immediate *attention*." Even when the least sophisticated debtor standard is applied, the letter cannot reasonably be read to demand immediate *payment* where the letter notifies Plaintiff, twice, of the 30-day waiting and verification period. *See Terran*, 109 F.3d at 1434. As a result, the Court will deny Plaintiff's request for judgment that this statement is misleading or overshadowing.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 18).

Dated this 29th day of March, 2021.

Honorable John J. Tuchi
United States District Judge

---

[2] Likewise, the Court does not find the language "unfair or unconscionable" under § 1692f.