**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anisa Uvaldo,<br><br>    Plaintiff,<br><br>v.<br><br>Germaine Law Office PLC,<br><br>    Defendant. | No. CV-20-00680-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff's Motion for Partial Summary Judgment (Doc. 38, PMSJ), supported by Plaintiff's Statement of Facts (Doc. 39, PSOF), to which Defendant filed a Response (Doc. 47) and Plaintiff filed a Reply (Doc. 50); and Defendant's Motion for Summary Judgment (Doc. 40, DMSJ), supported by Defendant's Statement of Facts (Doc. 41, DSOF), to which Plaintiff filed a Response (Doc. 45) and Defendant filed a Reply (Doc. 55). For the reasons that follow, the Court grants in part and denies in part Defendant's Motion and denies Plaintiff's Motion.

**I.  BACKGROUND**

After Plaintiff defaulted on the payments for a vehicle and Phoenix Corvette Sales Ltd ("PCS")—the vehicle seller—repossessed and resold it, PCS notified Plaintiff of a remaining debt of $5,840.90 plus costs and interest. PCS engaged Defendant to collect the debt, and Defendant sent Plaintiff an initial collection letter on December 24, 2019. In January 2020, Defendant represented PCS in a lawsuit in Arizona state court to collect the debt, and Plaintiff defaulted in that action.

In this lawsuit, Plaintiff raises seven claims alleging Defendant violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, f & g ("FDCPA"), in the manner in which it collected the debt. (Doc. 13, Am. Compl.) Plaintiff previously moved for judgment on the pleadings on certain aspects of her claims, namely: (1) the wording in Defendant's initial collection letter was misleading and overshadowed the FDCPA-required notices the letter provided; (2) the outstanding balances Defendant listed in the initial collection letter and in the state court complaint were misleading; and (3) Defendant improperly communicated directly with Plaintiff after Plaintiff's counsel notified Defendant that Plaintiff was represented by counsel. Now, Plaintiff seeks partial summary judgment for five of the seven counts claiming Defendant, in the December 24, 2019 letter, failed to inform Plaintiff the amount due was subject to accruing interest, violating 15 U.S.C. §§ 1692e, e(2)(A), and f, and falsely represented how much in attorney's fees Plaintiff owed, violating 15 U.S.C. §§ 1692e(2)(B) and f(1).

Defendant has filed a cross motion for summary judgment claiming Plaintiff lacks standing to bring any of her FDCPA claims because Plaintiff cannot not "prove actual concrete harm as a result of the alleged false, deceptive or misleading representations made" by Defendant and that misstating Plaintiff's interest rate by .09% is not material as a matter of law. (DMSJ at 2, 6.)

## II. LEGAL STANDARDS

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue"

of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### B. The FDCPA

The FDCPA was enacted to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Whether a debt collector's conduct violates the FDCPA "depends on whether it is likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997). "The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Id.* at 1431–32 (citation omitted). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney*

*Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012) (citations omitted). The FDCPA is a remedial statute which should be interpreted "liberally" to "protect debtors from abusive debt collection practices." *Id*. at 1025 (9th Cir. 2012).

## III. ANALYSIS

The Court will begin with Defendant's Motion for Summary Judgment and then proceed with analyzing Plaintiff's Partial Motion for Summary Judgment.

### A. Plaintiff Has Standing

Defendant asserts Plaintiff lacks standing to bring her FDCPA claims. In order to have standing, a plaintiff must allege and prove actual concrete harms as a result of the alleged false, deceptive, or misleading representations made by a debt collector. *See Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544, 545–46 (9th Cir. 2020). Article III standing consists of (1) an injury in fact (2) traceable to the challenged conduct of the defendant (3) that is likely to be redressed through a favorable judicial decision. *Spokeo, Inc. v Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (*Spokeo I*). In the present litigation, the only issue is whether Plaintiff suffered "an injury in fact."

The Ninth Circuit uses a two-step approach to assess whether a statutory violation causes a concrete injury sufficient to satisfy Article III. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). First the court asks "'(1) whether the statutory provisions at issue were established to protect the plaintiff's concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" *Id*. at 1270-71 (alteration omitted) (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017)).

In *Adams*, the Ninth Circuit applied this two-step approach to a plaintiff that argued a debt collection letter failed to identify the creditor and as such the communication violated 15 U.S.C. § 1692(g)(a)(2) and 1692e. *Adams*, 836 F. App'x at 546. The *Adams* court held not every misleading statement in a debt collection letter threatens the recipient's concrete interests or implicates the recipient's substantive rights. *Id*. Accordingly, since the debt collector's communications induced no reliance by the plaintiff and, outside of being

confused, the plaintiff provided no evidence that the plaintiff himself was ever at risk of detrimental reliance, the *Adams* court held plaintiff's allegations were insufficient to confer standing. *Id*. at 547. Defendant contends that similar to *Adams,* any deficiencies in Defendant's letter did not "necessarily implicate substantive rights" and that Plaintiff has "not demonstrated that she was ever at risk of detrimental reliance upon the content of the letter" since she admitted in deposition testimony that she was not sure if she received the letter or, if she did receive the letter, that she read it. (Doc. 55 at 2.) Plaintiff counters, stating she did receive and read the letter and was materially harmed by Defendant's misstatements. (Doc. 45 at 8-9.)

"Historical practice" and "legislative judgment" identify what interests are protected by the FDCPA. *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020). As noted above, Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers… [a]mong other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A)." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting S. Rep. N. 95-382, at 1 (1977)) ("Legislative history indicates that Congress enacted the FDCPA to protect consumers from 'improper conduct' and illegitimate collection practices 'without imposing unnecessary restrictions on ethical debt collectors.'") The closest common-law analogue to Plaintiff's claims is fraud. *See Adams*, 836 F. App'x at 546. "At common law, actions for fraud—including fraudulent concealment and nondisclosure—required proof of reliance and resulting pecuniary loss." *Id*.; *See*, *e.g.,* Restatement (Second) of Torts §§ 525, 537, 550-552 (Am. L. Inst. 1977). "Similarly, congressional judgment suggests a concern with 'genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response' to a debt collector's communication." *Adams,* 836

F. App'x at 546 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

Unlike the debt collector in *Adams,* Defendant's letter did not fail to identify the creditor but instead allegedly failed to identify the debt as consumer debt, failed to include language that informed debtor that interest would continue to accrue, failed to include all of the interest due, and misled the debtor as to whether attorney's fees were included in the stated balance. (Am. Compl. at 4-20.) The December 24, 2019 letter stated that the outstanding balance was $10,296.13, however Defendant concedes this was not the balance due as of December 24, 2019. (Doc. 47 at 4.) Instead, without disclosing it to the Plaintiff, the $10,296.13 included $2,575 in attorney's fees. Elsewhere, the letter stated, "[s]hould it become necessary to file suit to enforce collection, the [c]ourt may hold you liable for [c]ourt costs as well as attorney's fees." (PSOF ¶ 13.) Plaintiff contends this statement implies "Ms. Uvaldo does not owe any attorney's fees, but she may later if [PCS] files a lawsuit." (Doc. 50 at 2.) As such, Plaintiff argues, "the least sophisticated consumer is misled into believing she will receive a benefit – avoiding owing attorney's fees – if [she pays the full balance before a lawsuit]." (Doc. 50 at 2.)

The Court agrees that, unlike the debt collector's statements in *Adams,* Defendant's statements could "'genuinely mislead'" and "'frustrate a consumer's ability to intelligently choose his or her response.'" *Adams,* 836 F. App'x at 546 (quoting *Donohue*, 592 F.3d at 1034). On its own, including attorney's fees may not mislead a debtor, especially if the underlying contract creating the debt informs the debtor that he may be liable for legal fees associated with collecting a debt. However, because the Defendant's letter also included language implying attorney's fees may not yet have accrued, an unsophisticated debtor could be deceived.

Because Defendant's statements could genuinely mislead, they threaten Plaintiff's substantive rights thus posing actual harm or a material risk of harm to the Plaintiff. Since Plaintiff states she received and read the letter, she has alleged a concrete and particularized harm sufficient to confer Article III standing.

- 6 -

### B. Misstating Plaintiff's Interest Rate by .09% is Immaterial as a Matter of Law

Defendant also argues that misstating Plaintiff's interest rate by .09% is immaterial as a matter of law. (DMSJ at 6.) When filing suit in Arizona state court to collect Plaintiff's debt, Defendant "noted an incorrect interest rate in the complaint of 19.99%" rather than 19.9%. (DSOF ¶ 7.) To prevent Plaintiff from citing the error as evidence of a section 1692e(2)(A) violation, Defendant, in its Motion for Summary Judgment, argues the .09% disparity in interest rate is immaterial as a matter of law. (DMSJ at 6.)

Binding circuit law has established false but non-material representations are not likely to mislead the least sophisticated consumer and thus are not actionable under the FDCPA. *See Donohue*, 592 F.3d at 1033. Since *Donohue,* the Ninth Circuit has ruled understating an outstanding debt by $20 is not false or misleading. *Cummings v. Jaburg & Wilk PC*, 711 F. App'x 418 (9th Cir. 2018) (holding a debt collector who understated the amount plaintiff owed by $20 did not provide a false or misleading representation). Calculating .09% as an annual percentage rate of the principal balance of $5,840.90 amounts to $5.26 per year, 44 cents per month, or 1.4 cents per day. Though disappointingly sloppy, the discrepancy of .09% interest in the state court complaint versus the contract rate is not materially misleading and is insufficient to support a FDCPA claim.

### C. Defendant Did Not Violate 15 U.S.C. §§ 1692e, e(2)(A), and f by Failing to Disclose in its December 24, 2019 Letter that Interest Would Accrue on the Balance Due and By Erroneously Omitting Five Days of Interest

The Court now turns to Plaintiff's Partial Motion for Summary Judgment. First, Plaintiff argues that Defendant violated sections 1692e, e(2)(A), and f because Defendant's collection letter failed to state interest on the outstanding balance would continue to accrue and erroneously omitted five days of interest in the collection letter.

### 1. Failing to Disclose that Interest Would Accrue Did Not Violate 15 U.S.C. §§ 1692e, e(2)(A), and f

Section 1692e of the FDCPA prohibits any false representation of the "character, amount, or legal status of any debt," including but not limited to "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C § 1692e(2)(A), 15 U.S.C § 1692e(10). The FDCPA also makes unlawful the "use of unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and enumerates eight, non-exhaustive, prohibited types of conduct. "While misleading practices under § 1692e and unfair practices under § 1692f reference separate categories of prohibited conduct, they are broad, potentially overlapping, and are not mutually exclusive. A debt collector's action could be misleading under § 1692e, unfair under § 1692f, or, as alleged here, both." *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014) (internal quotations omitted). To support her argument, Plaintiff primarily cites Second and Seventh Circuit precedent. (PMSJ 6-9.) Both circuits have adopted "safe harbor" provisions that require debt collectors to state in collection letters that interest is accruing. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). The Ninth Circuit has no such requirement and the Court declines to adopt such a precedent.

To avoid summary judgment, Defendant relies on *Goodrick v. Cavalry Portfolio Services LLC*, 2013 WL 4419321 (D. Ariz. Aug. 19, 2013). In *Goodrick*, a plaintiff-debtor received two unitemized debt collection letters from a third-party buyer that had recently purchased the plaintiff's nine-years-outstanding debt. *Id.* at *1–2. The first letter stated only the plaintiff's outstanding balance, without communicating that interest would accrue and without dictating what portion of the debt was principal and what portion was interest and other fees. *Id.* at *1. The second letter reflected the addition of accrued interest and

fees to the outstanding balance. *Id.* The plaintiff's sole claim was that the debt collector, by failing to state in the first letter that interest and fees would accrue on the outstanding balance, had violated the FDPCA. *Id.* at *1, 4.

The *Goodrick* court held that an unsophisticated debtor would not be confused by a letter that failed to inform him that interest would continue to accrue. *Id.* at *2. Nothing about the underlying debt had changed except who was administering it. *Id.* Similarly, here, the underlying contract informed the Plaintiff any debt would accrue interest. (DMSJ at 6.) Like in *Goodrick*, nothing about the interest on Plaintiff's underlying debt had changed when Defendant sent the December 24, 2019 letter. As a result, the least sophisticated debtor would not be confused by a letter that failed to inform her that interest would continue to accrue. Accordingly, Defendant's failure to note that interest would continue to accrue on the balance was not a false or unfair representation as a matter of law.

### 2. Erroneously Omitting Five Days of Interest Did Not Violate 15 U.S.C. §§ 1692e, e(2)(A), and f

Plaintiff also argues Defendant's omitting five days of interest in the December 24, 2019 letter violated the FDCPA. *Goodrick* is again instructive. After dispelling the argument that the least sophisticated debtor would be confused by a letter that failed to inform him that interest would continue to accrue, the court discussed plaintiff's argument that the debt collector's failure to distinguish the principal from interest and fees was misleading. *See id.* at *4. The court decided that even if such a lack of specificity was technically misleading, it was not materially misleading because the letter stated "the total amount due on the date the collection letters were sent." *Id.* at *4. So, "there was no risk of confusion as to the total outstanding balance due" as the plaintiff "could have paid the debt in full simply by tendering the amount listed on the most recent letter." *Id*. at *4, *9.

Plaintiff argues that because Defendant's letter did not include five days of interest, unlike the plaintiff in *Goodrick*, Plaintiff could not simply tender the amount listed on the letter and have paid the entire outstanding balance. (Doc. 50 at 8.) Defendant contends its

- 9 -

"demand letter was materially identical to the letter at issue in *Goodrick*," arguing the five days of omitted interest are immaterial. (Doc. 47 at 4.)

The December 24, 2019 letter stated that the outstanding balance was $10,296.13, however Defendant acknowledges this was not the balance due as of December 24, 2019. (Doc. 47 at 4.) Instead, the $10,296.13 failed to include approximately five days of interest accrued through the date of December 24, 2019 and included $2,575 in attorney's fees. (Doc. 47 at 4.) As a result, separate from the issue of paying the $2,575 in attorney's fees, had Plaintiff paid the $10,296.13 in full, Plaintiff would still have owed approximately five days of additional interest. As stated earlier in this Order, a debt collector understating an outstanding debt by $20 is not false or misleading. *See Cummings*, 711 F. App'x at 418. On December 18, 2019 Plaintiff owed $5,840.90 plus costs and interest. (DSOF ¶ 2.) Plaintiff was charged an interest rate of 19.9 percent per annum. (DMSJ at 6.) Five days of interest on an outstanding balance of $5,840.90 is approximately $15.92 and six days is $19.10. Accordingly, the understatement by Defendant, though careless, was less than $20 and is immaterial as a matter of law. Thus, Plaintiff has failed to raise facts to support the allegation that Defendant's letter violates 15 U.S.C. §§ 1692e, e(2)(A), and f. Because Plaintiff cannot prevail on Counts One, Two, and Four of the Amended Complaint (Doc. 13) as a matter of law, pursuant to Defendant's request in its Response, those Counts are dismissed. (Doc. 47 at 8-9.)

### D. Defendant Did Not Violate 15 U.S.C. §§ 1692e(2)(B) and f(1) by Including $2,575 in Attorney's Fees in the December 24, 2019 Letter

Plaintiff also argues Defendant falsely represented the amount of debt owed in the demand letter because Defendant improperly included $2,575 in attorney's fees when the contract only allowed for "reasonable" fees. (PMSJ at 11-14.) As a result, Plaintiff contends there is no genuine dispute of material fact that Defendant has violated section 1692e(2)(B) and section 1692f(1). Section 1692e(2)(B), prohibits a debt collector from falsely representing any "services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B).

Section 1692f(1) prevents a debt collector from "attempt[ing] to collect . . . any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The underlying agreement creating Plaintiff's debt states that "if we hire an attorney who is not our salaried employee to collect what you owe, you agree to pay reasonable attorney's fees and court costs." (PSOF ¶ 16.) Defendant based its attorney's fees "upon a 1/3 contingen[cy] fee." (PSOF ¶ 15.) Contingency fees are often higher than an attorney's actual costs since the attorney is only paid if he succeeds in securing a judgment or resolution for his client. The Court takes judicial notice of the American Bar Association's guidance, which states that a one-third contingency fee is not an unusual fee amount for an attorney to collect in a contingency fee arrangement. *See* American Bar Association, https://www.americanbar.org/groups/legal_services/milvets/aba_home_front/information_center/working_with_lawyer/fees_and_expenses/ ("In a contingent fee arrangement, the lawyer agrees to accept a fixed percentage (often one-third to 40 percent) of the recovery, which is the amount finally paid to the client"). By signing the underlying agreement, Plaintiff acknowledged she was responsible for the $2,575 in legal fees associated with collecting her debt. Defendant did not make a false representation or attempt to collect an amount that was not authorized by including the $2,575 in the demand letter. As a result, Defendant did not violate section 1692e(2)(B) or section 1692f(1). Because Plaintiff cannot prevail on Counts Three and Five of the Amended Complaint (Doc. 13) as a matter of law, pursuant to Defendant's request in its Response, those Counts are dismissed. (Doc. 47 at 8-9.)

**IV.   CONCLUSION**

In sum, Defendant, in its Motion for Summary Judgment, argues Plaintiff lacks standing and that misstating Plaintiff's interest rate by .09% is immaterial as a matter of law. The Court disagrees that Plaintiff lacks standing but agrees a .09% disparity is immaterial as a matter of law.

Plaintiff, in her Partial Motion for Summary Judgment, argues there is no genuine dispute as to any material fact that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), 1692e(2)(B), f, and f(1). The Court denies Plaintiff's Motion because she fails to raise sufficient facts showing Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), 1692e(2)(B), f, and f(1). Indeed, because Plaintiff cannot prevail on Counts One, Two, Three, Four, or Five as a matter of law, the Court dismisses those claims. (Doc. 47 at 8-9.) Moreover, in an earlier Order, the Court found that Plaintiff cannot prevail on Count Six as a matter of law. (Doc. 42.) Accordingly, the sole remaining claim in this matter is Count Seven, in which Plaintiff alleges that Defendant contacted her directly after learning she was represented by counsel, in violation of 15 U.S.C. § 1692c(a)(2). That claim will proceed to trial.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Partial Summary Judgment (Doc. 38).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant's Motion for Summary Judgment (Doc. 40) and dismissing Counts One through Five of the Amended Complaint (Doc. 13).

**IT IS FURTHER ORDERED** dismissing Count Six of the Amended Complaint (Doc. 13) as a matter of law.

**IT IS FURTHER ORDERED** that Count Seven will proceed to trial, and the Court will set a pretrial conference by separate Order.

Dated this 21st day of January, 2022.

Honorable John J. Tuchi
United States District Judge